■ In the Matter of ANDREW FREIRE, a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of disposition of the Family Court, New York County (Jack Turret, J.), entered on September 23, 1985, which adjudicated appellant a juvenile delinquent and placed him on probation for 16 months, is unanimously reversed, on the law, the facts and in the exercise of discretion, and the matter remanded for a new fact-finding hearing.

On October 15, 1984, a petition was filed against appellant alleging that he was a juvenile delinquent and, further, that he had committed acts constituting one count of burglary in the second degree, two counts of grand larceny in the third degree, two counts of criminal possession of stolen property in the second degree and one count of criminal mischief in the fourth degree. The Family Court subsequently found that probable cause existed for appellant's arrest and remanded him to the custody of the Division for Youth. Thereafter, defense counsel moved for certain discovery, including items four and seventeen, which requested, respectively, "the names, addresses and dates of birth of any and all individuals or agencies who provided information, were eyewitnesses, or gave statements concerning the alleged acts to any law enforcement official" and "a complete account of any and all descriptions of the perpetrators * * * given to the police by the complaining witness or other witnesses, together with the exact times and places said descriptions were given and recorded."

In reply to item four, respondent supplied only the name of the complaining witness, and as to item seventeen, respondent stated that the complaining witness did not describe the perpetrators. When appellant's attorney contended that the questions had not been properly answered, respondent claimed that it had no further information. After the court ruled that the responses to the discovery request were adequate, the fact-finding hearing commenced. On the second day of the hearing, defense counsel asserted that she had received *Rosario* material from respondent the previous day. It contained the names of two witnesses of whom she had not been aware. She then apparently spoke to one of those persons, who provided certain information alleged to be exculpatory. Appellant's lawyer, therefore, moved for a continuance so as to be able to subpoena the witnesses before she presented the defense case.

The court requested an offer of proof. Counsel submitted an offer of proof which the court deemed insufficient to warrant an adjournment, although the Judge was advised that neither witness would be available until the next day.

A *Mapp* hearing was then conducted, at the conclusion of which the court denied appellant's motion to suppress and also found probable cause for the search therein. The complainant took the stand, and when she had finished her testimony, appellant's attorney again moved for a continuance. The court denied the motion, and the defense rested. The court rendered its fact-finding determination and, thereafter, adjudicated appellant a juvenile delinquent. It should be noted that in the course of the foregoing proceedings, the Judge had stated that if counsel had requested an extended return date on the subpoenas at an earlier stage in the hearing, the motion would have been granted. Moreover, the court was of the opinion that the impact of the witnesses' testimony was more likely to be inculpatory than exculpatory.

However, the law is well established that defendant has a fundamental right to call witnesses in his behalf. *(Chambers v Mississippi,* 410 US 284; *People v Gilliam,* 37 NY2d 722, *revg* 45 AD2d 744 *on dissenting opn of Hopkins, J.; People v Lloyde,* 106 AD2d 405.) Thus, "a defense witness's testimony should not be prospectively excluded unless it is offered palpably in bad faith" *(People v Scott,* 104 AD2d 667, 670). While it is true that the decision to grant a continuance is discretionary with the Trial Judge, a motion such as the one involved here should be liberally granted when "the witness is identified to the court, and is to be found within the jurisdiction," since "a request for a short adjournment after a showing of some diligence and good faith should not be denied merely because of possible inconvenience to the court or others." *(People v Foy,* 32 NY2d 473, 478.) This is particularly the situation where, as in the instant matter, there has been no showing of prejudice to the respondent, and, indeed, any delay which occurred in attempting to procure the attendance of the witnesses can be directly attributed to respondent's failure to reply fully and truthfully to appellant's demand for discovery. Thus, regardless of whether the testimony of these witnesses would, in fact, have been inculpatory or exculpatory, the decision to call them properly rested solely with appellant and his attorney. Respondent should certainly not have been permitted to derive any benefit from its own lack of responsiveness to the discovery request. Consequently, the Family Court abused its discretion in denying appellant's motion for a

continuance. Concur—Murphy, P. J., Ross, Milonas, Kassal and Rosenberger, JJ.