■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY MOSES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lonschein, J.), rendered January 18, 1983, convicting him of attempted robbery in the first degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the record of the *Wade* hearing is devoid of any indication that the investigating officers employed improper police tactics and revealed to the victim the defendant's position in the pretrial lineup. The prosecution witnesses all testified that no improprieties had occurred, and the hearing court made a finding of credibility with respect to this testimony which we decline to disturb absent a clear indication to the contrary *(see, People v Herriot,* 110 AD2d 851, 852).

In addition, the defendant was not deprived of the effective assistance of counsel at the lineup. His attorney was permitted to participate actively in the lineup, even though, after he repositioned the lineup several times, the police informed him that he would no longer be permitted to make changes. Officials in charge of a lineup cannot be forced to accede to the requests of defense counsel *(see, People v Hawkins,* 55 NY2d 474, 493 [Meyer, J., dissenting], *cert denied* 459 US 846). While such demands are usually accommodated to avoid claims of suggestiveness, the police were not required to allow defense counsel to make unlimited demands. Moreover, the police failure to have a blank lineup prior to the regular one in contravention of a prior court order was harmless. The record establishes that the victim, a detective trained in identification procedures, gave an accurate description of the defendant right after the incident in which she was shot and positively identified the defendant in a photo array without the slightest hesitation.

The defendant's contention that the trial court improperly participated in the cross-examination of one of the defendant's alibi witnesses is unpreserved for appellate review. When the defendant raised an objection to the court's questioning, the court indicated that it would instruct the jury, in its charge,

that they should not infer that the court was taking the side of any of the attorneys. Defense counsel assented to this course of conduct and did not move for a mistrial. The error is, therefore, unpreserved (see, People v Jalah, 107 AD2d 762; People v Baldo, 107 AD2d 751). In any event, the claimed error does not warrant reversal. The questions asked by the court clarified issues and expedited a rather lengthy cross-examination by the prosecutor (see, People v Jamison, 47 NY2d 882; People v De Jesus, 42 NY2d 519; People v Limage, 57 AD2d 906, affd 45 NY2d 845). In addition, the court consistently warned the jury throughout trial that its questioning was done merely to clarify issues and should be interpreted in no other way. Furthermore, the court also questioned some of the People's witnesses. Thus, the trial court's participation in questioning the defendant's witness was not improper.

We have reviewed the defendant's remaining contentions, including the contention that the sentence was excessive, and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.