■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE ZENGER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered June 15, 1984, convicting him of manslaughter in the second degree and operating a motor vehicle while under the influence of alcohol as a misdemeanor, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court improperly allowed the People to impeach two of their witnesses after testimony damaging to the People's case was elicited on cross-examination. Under CPL 60.35 (1), the People can impeach their own witness only if the witness gives damaging testimony during the course of direct examination, and then only with a signed statement or sworn oral testimony. However, the error was harmless in view of the overwhelming evidence of guilt, which included the testimony of two police officers, the driver of the other car, and an acquaintance of the defendant that he was intoxicated *(see, People v Crimmins*, 36 NY2d 230, 242).

The defendant's claim that the closure of the courtroom during the charge deprived him of his right to a public trial has not been preserved for appellate review. In any event, it is without merit. We agree with the dissenting Justice in *People v Venters* (124 AD2d 57, 61) that this "long-established custom aimed solely at better jury comprehension of the law" does not violate the defendant's right to a public trial. The public, including the press, is not prevented from being present during the charge; they are simply prevented from entering or leaving the courtroom during this period. The cases of *Waller v Georgia* (467 US 39), and *Press-Enterprise Co. v Superior Ct.* (464 US 501), insofar as they involved the complete exclusion of the press and public during portions of the proceedings, are inapposite. There is no such total exclusion involved here. This procedure is simply the exercise by the trial court of its power to impose a reasonable limitation on access to the courtroom so as to maintain a quiet and orderly atmosphere for a trial *(see, Richmond Newspapers v Virginia,* 448 US 555, 581, n 18).

The defendant's final contention, that the sentence imposed was harsh and excessive, is without merit *(see, People v Suitte,* 90 AD2d 80, 85-86). Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.