■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SHEPARD, Appellant.—Judgment of the Supreme Court, New York County (Alan Alpert, J., at partial *Wade* hearing; Juanita Bing Newton, J., at reopened *Wade* hearing, trial and sentence), rendered on April 6, 1988, convicting defendant, upon a jury verdict, of burglary in the second degree, two counts of forgery in the second degree, two counts of criminal possession of a forged instrument in the second degree and criminal impersonation in the first degree and sentencing him, respectively, to concurrent indeterminate terms of imprisonment of 5 to 15 years, four terms of 2⅓ to 7 years and one term of 1⅓ to 4 years, unanimously affirmed.

Defendant's first argument contests the hearing court's failure to suppress the voice identification made by the complainant at the station house. A voice identification is governed by the same due process guarantees which are afforded other identification procedures. *(People v Collins,* 60 NY2d 214, 218 [1983].) We agree with the finding of the hearing court that the station house encounter during which the complainant recognized defendant's voice was clearly inadvertent. The police had no way of knowing that defendant would be overheard by the complainant; indeed, at one point defendant himself initiated a conversation directly with the complainant and her son. Under these circumstances, the fact that the police directed the complainant to the same room where defendant was being held with the codefendant does not imply that the encounter was engineered. Since the encounter was not arranged or the product of a questionable police practice, suppression is not warranted. *(People v Sims,* 150 AD2d 402.)

Defendant also argues that the court below abused its discretion by refusing to grant more than a one-day continuance to allow the defense to locate a possible witness. The court's decision to proceed was properly within its discretion and should not be disturbed. *(Matter of Anthony M.,* 63 NY2d 270, 283.) First, there was no implication that the prosecution improperly withheld information concerning the existence of this witness or the nature of his potential testimony. *(Cf., Matter of Freire,* 121 AD2d 285.) Furthermore, there was absolutely no reason to believe that this witness would have evidence favorable to the defense or indeed any material evidence at all. *(Cf., People v Foy,* 32 NY2d 473, 478.) Under these circumstances, the court acted within its discretion in proceeding with the trial.

Nor is reversal warranted by the prosecutor's summation. This argument is not preserved for review. Nor is review warranted in the interest of justice. While the prosecutor should have refrained from referring to the contents of the briefcase as tools of the trade and props to be used in another "con" in the context of this case, such comments did not deprive defendant of a fair trial. The contested issue in this case was whether defendant possessed the briefcase, not whether the contents were incriminating, which they clearly were. Thus the prosecutor's comments, while improper, were clearly harmless. Moreover, any confusion created by the prosecutor's discussion of the requisite intent required for burglary was clearly obviated by the court's clear and proper instruction.

Defendant's final argument concerns the propriety of his sentence to the maximum permissible term. However, in view of defendant's extensive record, as well as the nature of the crime, which included tricking an elderly woman into allowing a thief into the privacy of her home and attempting to steal her savings, the court's sentencing decision is appropriate. Concur—Murphy, P. J., Ross, Milonas, Kassal and Wallach, JJ.