■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

CURTIS JACKSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 21, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]; People v Holmes, 104 AD2d 1049).

Contrary to the defendant's contention, the court did not err in denying his motion for a Wade hearing. The defendant was arrested based on a description provided by an undercover police officer who was involved in a face-to-face drug transaction with him. The undercover officer identified the defendant at the station house approximately two hours after the drug transaction. Under the circumstances, no hearing on the issue of suggestiveness of the identification was required (see, People v Wharton, 74 NY2d 921; People v Gissendanner, 48 NY2d 543; cf., People v Gordon, 76 NY2d 595).

In addition, we find that the court did not err when it closed the courtroom during the undercover police officer's testimony. Prior to closing the courtroom, the court conducted a hearing at which it was established that the undercover officer was still engaged in undercover investigations in Brooklyn and that closure was necessary to protect his safety and the integrity of the ongoing operations (see, People v Jones, 47 NY2d 409, cert denied 444 US 946; People v Hinton, 31 NY2d 71, cert denied 410 US 911; People v Richards, 157 AD2d 753; People v Flores, 152 AD2d 704).

We have considered the defendant's remaining contentions and find them to be without merit (see, People v Rivers, 169 AD2d 883; People v Thomas, 162 AD2d 822; People v Yut Wai Tom, 53 NY2d 44; People v Moses, 126 AD2d 755). Bracken, J. P., Brown, O'Brien and Ritter, JJ., concur.