■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL MALONE, Appellant.—Judgment of the Supreme Court, New York County (John A.K. Bradley, J.), rendered March 29, 1990, convicting defendant, after trial by jury, of Robbery in the First Degree and sentencing him as a predicate felony offender, to a term of 4½ to 9 years imprisonment, is unanimously reversed, on the law, and the matter remanded for a new trial.

The 21 year old complainant working alone in an ice cream store was robbed on October 1, 1988 by a man she had never seen before. She gave the police a description and on February 20, 1989, more than four months later, selected defendant from a lineup as the robber. She also identified him at trial.

Defendant asserts that the prosecution deprived him of a fair trial when it introduced into evidence a redacted "mug shot" and testimony that the police were looking for defendant prior to the lineup identification despite the fact that complainant, the only identification witness, had never seen the man who robbed her prior to the robbery. While admission of unredacted "mug shots" is generally prohibited because of the possibility that the jury will be alerted to the fact defendant has a criminal history *(People v Caserta,* 19 NY2d 18), properly redacted photographs may be admissible if relevant to an issue at trial. Here, the mug shot taken in February of 1988 was introduced to impeach the testimony of Ms. Jean Hendricks, that defendant had worn a short "Caesar" haircut from January of 1988 to December of 1988. Defendant's hairstyle during this period was a material issue at

trial since the victim had testified that the robber had worn a "flat top" on the date of the crime. Further, the court had the "mug shot" cropped to remove a nameplate around defendant's neck and a chain holding it in place. In addition, all identifying markings on the back of the photo were removed. Thus, standing alone, admission of this mug shot was relevant and perhaps harmless.

However, when coupled with the testimony that the police investigation centered on defendant before any pretrial identification was made by the complainant it became prejudicial to defendant, depriving him of a fair trial.

Evidence, which the defendant sought to exclude, that the police investigation centered on him before the pretrial identification by complainant, lacked any probative value and most probably led the jury to infer that additional information, not in evidence, linked the defendant to the crime being investigated (see, People v Hamilton, 121 AD2d 176, 177-178). This testimony, prejudicial in itself, also unfairly focused the jury's attention on the "mug shot". Under other circumstances, as noted, this redacted "mug shot" perhaps would have been nonprejudicial, but coupled with the evidence concerning the pre-identification investigation of defendant it may well have led the jury to correctly surmise that the "cropped" photograph was an arrest photo. In fact, the "cropping" might have emphasized the nature of the photograph (People v Carroll, 61 AD2d 760) since the jury's sensitivity would have been heightened by the suggestion there were additional facts in existence but not in evidence.

Under these circumstances, we find the court's refusal to allow the defense to recall the complainant so that a foundation could be established for the purpose of impeaching her identification, with a prior inconsistent statement, to be error. Finally, we find under the facts of this case, where the defense had strongly contested the fairness of the lineup eliciting substantial and detailed testimony on the differences between defendant and the stand-ins, and devoting a substantial portion of her summation to its alleged unfairness and its influence on the complainant's identification of defendant, that the court would have been better advised to grant counsel's request for a specific charge that the jury could consider the fairness of the pretrial lineup in assessing the reliability of the identification. (1 CJI[NY] 10.01, at 587-588; cf., People v Ruffino, 110 AD2d 198, 202.) While the suggestiveness of a lineup is a legal question to be decided by the court, the jury is not precluded from considering such suggestiveness in

assessing the reliability of complainant's identification. The court's charge on identification, while extensive and detailed, under these special circumstances, was no substitute for a specific instruction in regard to the lineup. Concur—Murphy, P. J., Rosenberger, Wallach and Asch, JJ.