■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN MAXWELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Berkowitz, J.), rendered June 22, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Bambrick, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's conviction stems from a sale of cocaine to an undercover officer. Immediately following the transaction, the police, pursuant to a no-knock search warrant previously obtained, entered the premises where the drugs had been purchased. There they recovered 46 tinfoil packets of cocaine and United States currency. The defendant was apprehended several blocks from the place of the sale as he attempted to flee.

During the course of the trial, the court denied the defense counsel's request that the defendant be permitted to go before

the jury in order to display a gold front tooth. On appeal, the defendant contends that this was error. This contention is without merit, since no proper foundation was laid for the admission of this evidence *(see, People v Shields,* 81 AD2d 870).

Also without merit is the defendant's contention that the undercover officer's station house showup identification of him on the night of his arrest was unduly suggestive. The showup "constitute[d] the ordinary and proper completion of an integral police procedure" *(People v Wharton,* 74 NY2d 921, 922-923), and was merely confirmatory *(see, People v Morales,* 37 NY2d 262, 271-272; *see also, People v Roberts,* 79 NY2d 964). Furthermore, we reject the defendant's argument that he was prejudiced by the trial court's refusal to incorporate certain additional language into its identification charge. The charge as given adequately set forth the factors to be considered in assessing the accuracy and veracity of the identification witnesses' testimony, and instructed the jury that identity must be proven beyond a reasonable doubt. The charge, therefore, exceeded the minimal instruction required and was an accurate statement of the law *(see, People v Whalen,* 59 NY2d 273; *People v Daniels,* 88 AD2d 392; *see also,* 1 CJI[NY] 10.01).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit. Thompson, J. P., Bracken, O'Brien and Santucci, JJ., concur.