■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIAS RODRIGUEZ, Appellant. [602 NYS2d 348] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered July 9, 1991, convicting defendant of murder in the second degree and two counts of reckless endangerment in the first degree and sentencing him to concurrent prison terms of 25 years to life and 3½ to 7 years and an additional term of 3½ to 7 years to run consecutive to the sentence imposed on the murder count, respectively, unanimously affirmed.

Defendant was convicted in the shooting death of a young man, following a heated argument. The argument and the shooting were witnessed by decedent's friend. Defendant's contention that the court denied him a fair trial by refusing to instruct the jury on whether or not any suggestive pretrial identification procedures took place in assessing the reliability of the eyewitness identification, is without merit. We find that the court's charge on identification as a whole was balanced, conveyed the appropriate principles of law *(see, People v Whalen,* 59 NY2d 273, 279; *People v James,* 194 AD2d 558) and that under the circumstances, the failure to submit specific instructions regarding the photo array and lineup identification did not serve to deprive defendant of a fair trial *(cf., People v Malone,* 173 AD2d 160, *lv denied* 78 NY2d 969).

Defendant's claim that his sentence was illegally imposed because the sentencing court relied, in part, on the advisory recommendations of a sentencing panel is without merit. The function of the members of the panel is purely advisory, meant to curtail disparate sentences, and the sentencing Judge remains solely responsible for the sentence imposed, as was here evident. Moreover, the record is barren of any evidence of materially inaccurate information that may have been submitted to the sentencing panel. Furthermore, there is no merit to defendant's contention that the trial court abused its discretion in imposing sentence.

We have considered defendant's remaining contentions, including those submitted in a *pro se* supplemental brief, and find them to be without merit. Concur—Murphy, P. J., Ellerin, Wallach, Kassal and Nardelli, JJ.