■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER TIRADO, Appellant. [612 NYS2d 902] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered June 11, 1991, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions concerning remarks made by the prosecutor during summation are either unpreserved for appellate review *(see, People v Roopchand,* 65 NY2d 837; *People v Medina,* 53 NY2d 951; *People v Bryant,* 163 AD2d 406) or without merit *(see, People v Roopchand, supra; People v Galloway,* 54 NY2d 396; *People v Aviles,* 176 AD2d 584).

The defendant also contends that the court erred by allowing the prosecutor to impeach his own witness with prior testimony pursuant to CPL 60.35. We disagree. Pursuant to CPL 60.35 (1), when the People call a witness who gives testimony upon a material issue which tends to disprove the People's position at trial, the People may then seek to introduce prior written and signed or sworn oral statements by that witness which contradict the witness's trial testimony. The testimony which is sought to be impeached must affirma-

tively contradict and damage the People's position *(see, People v Fitzpatrick,* 40 NY2d 44, 51), and must be elicited during direct examination by the prosecutor *(see, People v Broomfield,* 163 AD2d 403; *People v Mercado,* 162 AD2d 722, 723). We find that the prosecutor was entitled to impeach the witness with her prior hearing testimony because the statutory requirements were met.

We have reviewed the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Altman, JJ., concur.