■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RADAME COLLARDO, Also Known as RADHAMES COLLADO, Appellant. [613 NYS2d 432] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Curci, J.), rendered February 25, 1992, convicting him of attempted criminal sale of a controlled substance in the third degree under Indictment No. 4688/91, upon his plea of guilty, and (2) a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered May 6, 1992, convicting him of criminal sale of a controlled substance in the second degree under Indictment No. 11484/91, upon a jury verdict, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant has failed to preserve for appellate review his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Adams,* 194 AD2d 680; *People v Hemphill,* 187 AD2d 728; *People v Johnson,* 185 AD2d 247). In any event, viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The undercover officer had ample time to observe the defendant during the drug transaction. The undercover officer made a drive-by identification of the defendant after he was taken into custody to ensure that the back-up team apprehended the proper individual, and the undercover officer positively identified the defendant at the station house.

Although the defendant argues that there were inconsistencies and discrepancies in the police officers' testimony, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contention regarding the excessiveness of his sentences, and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., Miller, Lawrence and Goldstein, JJ., concur.