■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS HATCHER, Also Known as JUNIUS HASSEN, Also Known as JUNIUS WISE, Appellant. [619 NYS2d 726] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered July 22, 1993, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has failed to preserve his contention that the evidence was legally insufficient to establish his identity as the perpetrator beyond a reasonable doubt *(see,* CPL 470.05 [2]; *People v Collardo,* 205 AD2d 796; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The undercover officers had ample time to observe the defendant during this face-to-face transaction. Twenty-five minutes later, the undercover officers made a confirmatory identification at the station house. Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, the court did not err in denying his motion for a *Wade* hearing. The defendant was arrested based on a description provided by undercover police officers who were involved in a face-to-face transaction with him. The defendant was arrested within minutes of the transaction and was identified by the undercover officers at the station house approximately 25 minutes later. Under the circumstances, no hearing on the issue of suggestiveness of the identification was required *(see, People v Wharton,* 74 NY2d 921; *People v Johnson,* 178 AD2d 659; *People v Jackson,* 171 AD2d 756).

Finally, the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Thompson, Copertino and Hart, JJ., concur.