■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEGG, Appellant. [619 NYS2d 972] —Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 7, 1993, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree (three counts) and sodomy in the second degree.

Defendant executed a waiver of indictment and entered a negotiated plea to four counts of a superior court information. Three of the four counts charged sodomy in the first degree and the fourth count charged sodomy in the second degree. All charges involved deviate sexual intercourse with four boys, three of whom were less than 11 years old and the fourth was less than 14 years old. In accordance with the negotiated plea bargain, defendant was sentenced to two consecutive terms of imprisonment of 5 to 15 years and concurrent terms of 5 to 15 years and 2⅓ to 7 years on his four convictions.

On this appeal, defendant claims only that the sentence is unduly harsh and excessive. However, the record reveals that defendant knowingly and voluntarily pleaded to the offenses fully aware of the extent of the intended sentence. With the assistance of counsel, defendant sought the benefit of the plea agreement. Initially, defendant had been charged with nine counts of sodomy in the first degree, three counts of sodomy in the second degree and four counts of endangering the welfare of a child. Considering the number of counts, the nature of the crimes, the voluntariness of the plea and the fact that defendant received the sentence that was contemplated by the plea bargain, which was within the statutory guidelines, the sentence cannot be described as excessive. There are no extraordinary circumstances which would merit reduction of the sentence (see, People v Mackey, 136 AD2d 780, lv denied 71 NY2d 899).

Cardona, P. J., White and Yesawich Jr., concur. Ordered that the judgment is affirmed.