(October 24, 1996)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SLOMAN KNOX, JR., Appellant. [649 NYS2d 198] —Yesawich Jr., J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered March 19, 1993, upon a verdict convicting defendant of two counts of the crime of criminal possession of a controlled substance in the third degree.

Defendant's conviction stems from two sales of cocaine to an undercover officer, which took place on separate dates in April 1992 in the City of Elmira, Chemung County. In addition to

the undercover officer, a captain of the Elmira Police Department, Michael Ross, testified to the transactions based both on his eyewitness accounts and on information acquired from his monitoring of a wired conversation between defendant and the undercover officer. Convicted following trial, defendant was found guilty and sentenced as a persistent felony offender to indeterminate, concurrent terms of incarceration of 16 years to life; defendant appeals. We affirm.

Defendant's first contention, that the photograph of him, together with the testimony regarding the ongoing investigation into his suspected drug activities and a reference to a warrant for his arrest, denied him of a fair trial because it impermissibly brought his criminal history to the attention of the jury, is not preserved for appellate review; defendant failed to object to the admission of either the photograph or the testimony concerning the ongoing investigations (*see,* CPL 470.05 [2]; *People v Johnson,* 213 AD2d 791, 793, *lv denied* 85 NY2d 975).

Beyond that, the argument lacks merit. As the photograph was a frontal shot of defendant wearing street clothes, not a classic mug shot suggestive of prior criminal behavior, its potential for prejudice, if any, was outweighed by its probative value for identification purposes (*see, People v Dent,* 183 AD2d 723, 724, *lv denied* 80 NY2d 928; *cf., People v Bond,* 198 AD2d 509, 510). Furthermore, although testimony was adduced regarding ongoing investigations, the investigations were not aimed at defendant specifically, but rather at "targets of opportunity" generally (*cf., People v Walker,* 217 AD2d 856, 857; *People v Malone,* 173 AD2d 160, 160-161, *lv denied* 78 NY2d 969).

Nor was the testimony elicited from Ross, who listened to the conversation between defendant and the wired undercover officer, hearsay. Ross testified that the undercover officer asked defendant if he was "holding"—a street term used in making a narcotic purchase—to which defendant answered in the affirmative, and also that, on another occasion, defendant asked the undercover officer if he needed some narcotics. These statements made by defendant constitute admissions and, as such, were properly received in evidence (*see, People v Davis,* 213 AD2d 665, *lv denied* 86 NY2d 734). Moreover, the clear and strong identification evidence presented against defendant renders harmless any error attributed to Ross' testimony bolstering that identification (*see, People v Mobley,* 56 NY2d 584, 585). And, given defendant's lengthy criminal history, we are not disposed to disturb the sentence imposed (*see, People v Legg,* 209 AD2d 884, *lv denied* 85 NY2d 864).

Crew III, J. P., White, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.