■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE E. GRIFFIN, Appellant. [650 NYS2d 42] —Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered October 14, 1994, convicting defendant upon his plea of guilty of two counts of the crime of sodomy in the second degree.

The charges brought against defendant arose out of his sexual abuse of two 13-year-old boys, one of whom was retarded. Pursuant to a plea bargain agreement, defendant pleaded guilty to two counts of sodomy in the second degree, in satisfaction of a six-count indictment and agreed to submit a blood sample to be tested for the presence of HIV, with the results to be made available to the victims' parents and to the day care center where he had previously been employed. In exchange, the People agreed that they would ask County Court to sentence defendant to concurrent prison sentences. County Court nonetheless sentenced defendant to two consecutive prison terms of 2 to 6 years, offering defendant the opportunity to withdraw his plea after the consecutive sentences were announced. Defendant declined.

Defendant contends that the consecutive sentences were harsh and excessive because they exceeded the concurrent sentences recommended by the People. We disagree. A sentencing court retains the discretionary power to impose an appropriate sentence notwithstanding the terms of a plea bargain agreement (*see, People v Terry*, 152 AD2d 822, 823). We do not find the imposition of consecutive sentences harsh and excessive in this matter. They are within the statutory guidelines and are appropriate in view of the heinous nature of defendant's crimes (*see, People v Legg*, 209 AD2d 884, *lv denied* 85 NY2d 864).

Crew III, J. P., White, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.