■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO DYER, Appellant. [667 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Harkavy, J.), rendered October 14, 1993, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in disallowing three of his peremptory challenges during jury selection as discriminatory against white women in violation of *Batson v Kentucky* (476 US 79). The trial court's determination that the challenges were pretextual is entitled to great deference on appeal and should not be disturbed where, as here, it is supported by the record (*see, People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Payne,* 213 AD2d 565, *affd* 88 NY2d 172; *People v Jones,* 204 AD2d 485).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's claim that the prosecutor's remarks on summation constituted reversible error is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Nuccie,* 57 NY2d 818). In any event, the comments were not improper as they were either reasonably inferable from the evidence or constituted a fair response to arguments raised by the defense (*see, People v Ashwal,* 39 NY2d 105; *People v Rivera,* 158 AD2d 723).

Contrary to the defendant's contention, the court did not err in denying his request to incorporate certain language into the jury charge on identification. The charge, as given, sufficiently set forth both the factors to be considered in assessing the veracity of the identification witness's testimony and the fact that identity must be proven beyond a reasonable doubt (*see, People v Whalen,* 59 NY2d 273, 279; *People v Maxwell,* 184 AD2d 661, 662; 1 CJI[NY] 10.01).

The defendant's sentence was neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit (*see, People v Brown,* 220 AD2d 444). Bracken, J. P., O'Brien, Sullivan and Santucci, JJ., concur.