■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR WRIGHT, Appellant. [739 NYS2d 605] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered December 15, 1999, convicting him of criminal sale of a controlled substance in or near school grounds (three counts), criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, without a hearing (Smith, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Under the circumstances, it was a provident exercise of discretion to deny that branch of the defendant's omnibus motion which was to suppress the identification testimony of an undercover officer without conducting a *Wade* hearing (*see United States v Wade,* 388 US 218; *People v Polk,* 284 AD2d 416; *People v Monk,* 244 AD2d 509). We note that "[t]he defendant's attempt to use trial testimony to challenge the pretrial suppression ruling is impermissible" (*People v Polk, supra* at 417).

The trial court properly declined to incorporate certain language into the jury charge on identification (*see* 1 CJI[NY] 10.01). The charge as given was balanced (*see People v Rodriguez,* 197 AD2d 355). In addition, it sufficiently set forth both the factors to be considered in assessing the veracity of the undercover officer's identification testimony and the fact that identity must be proven beyond a reasonable doubt (*see People v Dyer,* 245 AD2d 299; *People v Maxwell,* 184 AD2d 661).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as the seller of drugs to the undercover officer on three separate occasions beyond a reasonable doubt (*see People v Hatcher,* 209 AD2d 639). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant was not deprived of his right to the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137). Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.