■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY BROCK, Appellant. [740 NYS2d 54] —Judgment, Supreme Court, New York County (Mary Davis, J., at suppression hearing; Bonnie Wittner, J., at nonjury trial and sentence), rendered April 8, 1998, convicting defendant of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the trial court's determinations concerning identification and credibility. Contrary to defendant's arguments, the evidence established that the victim's identification of defendant was highly reliable.

The motion court properly declined to suppress the identification evidence. Since, in their seated positions, defendant and the fillers appeared to possess roughly similar heights and weights, and since they were otherwise sufficiently similar in appearance, the lineup was not unduly suggestive (see, People v Chipp, 75 NY2d 327, 336, cert denied 498 US 833; People v Herrera, 219 AD2d 511, lv denied 87 NY2d 847). Even assuming, from an unclear record, that a detective denied a request by counsel to have defendant's lineup position changed, and that it would have been advisable for such request to have been granted, defendant was not deprived of his right to counsel and the lineup was not rendered unduly suggestive (see, People v Moses, 126 AD2d 755). We note that counsel was allowed to attend the lineup proceeding, observe the participants after the lineup was set up, and accompany the victim and officers into the viewing room. Furthermore, defendant did

not make a sufficient showing at the hearing to require the victim's testimony (*see, People v Peterkin*, 75 NY2d 985).

The erasure of a 911 tape, pursuant to routine police procedures, during the time between the crime and defendant's arrest did not constitute a *Brady* or *Rosario* violation. The 911 tape, in which a nontestifying civilian reported the crime, was not *Rosario* material, even though the non-witness presumably had relayed information from the victim, because the tape was not a written or recorded statement by a testifying witness (*Matter of Christopher W.*, 202 AD2d 305). In any event, there would have been no basis for the court to impose a sanction for its absence, since there was no bad faith and since defendant merely speculates that the tape contained a description of the assailant that counsel could have used on cross-examination of the victim. Defendant's claim pursuant to *Brady v Maryland* (373 US 83) likewise rests on speculation (*see, People v Peralta*, 271 AD2d 359, *lv denied* 95 NY2d 837).

Imposition of the mandatory minimum sentence for a persistent felony offender did not constitute cruel and unusual punishment (*see, People v Thompson*, 83 NY2d 477), particularly in light of defendant's extensive record of violent crimes.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see, People v Rosen*, 96 NY2d 329, *cert denied* 534 US —, 122 S Ct 224).

The existing record clearly establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Williams, P.J., Saxe, Buckley, Ellerin and Rubin, JJ.