THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN SANDERS, Appellant. [768 NYS2d 900]—

Appeal from a judgment of Erie County Court (D'Amico, J.), entered October 9, 2001, convicting defendant after a jury trial of rape in the first degree and criminal contempt in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted on counts one and three of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of rape in the first degree (Penal Law § 130.35 [1]) and criminal contempt in the first degree (§ 215.51 [b] [v]), defendant contends that County Court erred in allowing the People to impeach their own witness. We agree. CPL 60.35 (1) "allows a party in a criminal proceeding to impeach his [or her] own witness with a prior inconsistent statement, signed and in writing, when that witness 'gives testimony upon a material issue of the case which tends to disprove the position of such party' " (*People v Maerling*, 64 NY2d 134, 141 [1984]; *see People v Saez*, 69 NY2d 802, 804 [1987]). "The testimony [that] is sought to be impeached . . . must be elicited during direct examination by the [party seeking to impeach his or her own witness]" (*People v Tirado*, 203 AD2d 309, 309-310 [1994], *lv denied* 83 NY2d 915 [1994]; *see* CPL 60.35 [1]; *People v Rodwell*, 246 AD2d 916, 918 [1998]; *People v Zenger*, 134 AD2d 640 [1987], *lv denied* 70 NY2d 1012 [1988]). In this case, the testimony that was sought to be impeached was elicited on cross-examination by defense counsel, however, and thus impeachment by the prosecutor on redirect examination was improper (*see People v Fuller*, 66 AD2d 27, 36-37 [1979], *affd* 50 NY2d 628 [1980]; *Zenger*, 134 AD2d at 640).

Contrary to the contention of the People, the scope of defense counsel's cross-examination did not exceed the scope of direct examination such that the People's witness was transformed into a defense witness (*cf. Maerling*, 64 NY2d at 141-142; *People v Dolan*, 172 AD2d 68, 75-76 [1991], *lv denied* 79 NY2d 946 [1992]). In any event, in a criminal case, "a party may prove through cross-examination any relevant proposition, regardless

of the scope of the direct examination" (*People v Kennedy*, 70 AD2d 181, 186 [1979], citing *People v Fowler*, 46 AD2d 838 [1974], *affd sub nom. People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975], and *People v Tice*, 131 NY 651 [1892]; *see e.g. People v Rowe*, 236 AD2d 637, 638 [1997], *lv denied* 89 NY2d 1100 [1997]; *People v Gonzalez*, 131 AD2d 873, 874 [1987], *lv denied* 70 NY2d 800 [1987]). Defense counsel's questioning elicited relevant information concerning the nature of the relationship between defendant and the complainant and the actions of the complainant following the alleged rape. Because the evidence of guilt in this case is not overwhelming, it cannot be said that the error is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). In view of our determination, we see no need to address defendant's remaining contentions. Present— Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.