THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN D. ELMORE, Appellant. [796 NYS2d 470]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered December 4, 2002. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of robbery in the first degree (Penal Law § 160.15 [4]). The conviction arises out of defendant's participation in the gunpoint robbery of a pizza delivery person as he attempted to deliver a pizza. Supreme Court properly denied that part of the motion of defendant seeking suppression of physical evidence seized from him during a stop and frisk. The officer who conducted the stop and frisk encountered defendant at the address where the pizza delivery order originated. Defendant matched the description of one of the robbery suspects, and the officer encountered him within minutes of the robbery and a short distance from the location of the robbery. Under those circumstances, the officer was justified in stopping defendant based upon a reasonable suspicion that defendant was one of the robbers (*see People v Daniels*, 6 AD3d 245, 246 [2004], *lv denied* 3 NY3d 658 [2004]; *People v Shakur*, 233 AD2d 793, 795 [1996], *lv denied* 89 NY2d 1041 [1997]). The frisk of defendant was warranted based on the report that the robbery suspects were armed with handguns (*see People v Wiley*, 209 AD2d 361 [1994], *lv denied* 85 NY2d 944 [1995]; *see also People v Desmond*, 289 AD2d 1011 [2001], *lv denied* 97 NY2d 753 [2002]). The court also properly denied that part of defendant's motion seeking suppression of the robbery victim's voice identification. The officer was justified in detaining defendant

in order to conduct a showup identification (*see People v Barnes*, 4 AD3d 433 [2004], *lv denied* 3 NY3d 636 [2004]), and the robbery victim's identification of defendant by his voice was not the result of any suggestive police procedures but, rather, was the result of defendant's spontaneous outburst (*see People v Shepard*, 162 AD2d 226 [1990], *lv denied* 76 NY2d 944 [1990]).

We reject defendant's further contention that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Although defendant presented an alibi defense, the conflicting testimony merely raised issues of credibility for the jury (*see People v Melendez*, 213 AD2d 1037 [1995]). We also reject the contention of defendant that the court erred in denying his request to charge the jury with respect to the difficulty of making a reliable voice identification (*see generally People v Collins*, 60 NY2d 214, 218 [1983]). "The charge, as given, sufficiently set forth both the factors to be considered in assessing the veracity of the identification witness's testimony and the fact that identity must be proven beyond a reasonable doubt" (*People v Dyer*, 245 AD2d 299, 299 [1997], *lv denied* 91 NY2d 925 [1998]; *see People v Wright*, 292 AD2d 638, 639 [2002]; CJI2d[NY] Identification—One Witness). Nor did the court err in instructing the jury with respect to the permissible inferences that may arise from the recent and exclusive possession of stolen property (*see People v Combo*, 275 AD2d 936, 937 [2000], *lv denied* 95 NY2d 933 [2000]; *see generally People v Baskerville*, 60 NY2d 374, 383 [1983]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.