█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BROWN, Appellant. [804 NYS2d 209]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 2, 1996. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). Defendant contends that the evidence is legally insufficient to support the conviction of depraved indifference murder and that the verdict is against the weight of the evidence with respect to depraved indifference murder. We reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The jury was entitled to discredit the testimony of defendant that intruders entered his home and shot the victim, who was defendant's close friend, particularly in view of the fact that defendant admitted to the police that he owned the gun used in the shooting. The People presented evidence establishing that the bullet responsible for the victim's fatal injuries took a highly unusual route, entering the chest cavity of the victim through his forearm. We conclude that there is legally sufficient evidence of " 'extremely dangerous and fatal conduct performed without specific homicidal intent but with a depraved kind of wantonness.' " (*People v Payne*, 3 NY3d 266, 272 [2004], *rearg denied* 3 NY3d 767 [2004]), and we further conclude that the jury did not fail to give the evidence the weight it should be accorded (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that Supreme Court erred in failing to charge manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser included offense of murder in the second degree. It appears from the record before us that the prosecutor requested that the lesser included offense be charged and, although we are unable to discern whether defense counsel opposed the request or took no position with respect to the request, we conclude on the record before us that defendant failed to preserve his contention for our review (*see* CPL 470.05 [2]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL

470.15 [6] [a]). Also contrary to defendant's contention, the depraved indifference murder statute is not unconstitutionally vague (*see People v Cole*, 85 NY2d 990, 992 [1995]).

We agree with defendant that the court erred in permitting the People to impeach their own witness on redirect examination of that witness (*see People v Zenger*, 134 AD2d 640 [1987], *lv denied* 70 NY2d 1012 [1988]). Although pursuant to CPL 60.35 (1) the People may impeach their own witness with prior inconsistent statements, the testimony sought to be impeached "must be elicited during direct examination by the prosecutor" (*People v Tirado*, 203 AD2d 309, 310 [1994], *lv denied* 83 NY2d 915 [1994]). We conclude, however, that the error is harmless (*see Zenker*, 134 AD2d at 640; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

We reject the further contention of defendant that the court erred in refusing to suppress the statements he made to the police before receiving his *Miranda* warnings. The police apprehended defendant in the passenger seat of a van and the victim, who at that time was alive, was in the back seat of the van. When the police asked defendant what had occurred, defendant responded that intruders shot the victim and that the gun was at his house. Defendant thereafter spontaneously made other statements to the police, and defendant then became a suspect. No further questioning of defendant took place until he received his *Miranda* warnings. It is well established that statements such as those made by defendant in the van, in response to questions that are "investigatory in nature, not accusatory," are not the product of interrogation and thus the court properly refused to suppress those statements (*People v Sachs*, 15 AD3d 1005, 1007 [2005], *lv denied* 5 NY3d 768 [2005]; *see ·People v Prue*, 8 AD3d 894, 897 [2004], *lv denied* 3 NY3d 680 [2004]; *People v Wiesmore*, 204 AD2d 1003, 1003-1004, *lv denied* 84 NY2d 873 [1994]). Similarly, the spontaneous statements thereafter made by defendant also are not subject to suppression (*see generally People v Boyd*, 21 AD3d 1428 [2005]; *People v Elmore*, 19 AD3d 1046 [2005]).

We also reject the contention of defendant that the court erred in denying his request to include the concept of "moral certainty" in its circumstantial evidence charge. "While it is not necessary that the words 'moral certainty' be used, when the evidence is circumstantial the jury should be instructed in substance that it must appear that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that the evidence excludes beyond a reasonable doubt every reasonable hypothesis of innocence," and the court properly so

instructed the jury herein (*People v Sanchez*, 61 NY2d 1022, 1024 [1984]).

Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.