THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PICENTE, Appellant. [825 NYS2d 629]—

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered March 12, 2004. The judgment convicted defendant, upon a jury verdict, of sodomy in the second degree and endangering the welfare of a child (three counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of sodomy in the second degree (Penal Law former § 130.45 [1]) and three counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the proof with respect to the date of the commission of the crimes renders the evidence legally insufficient to support the conviction. Defendant did not seek dismissal of the counts at issue on that ground (*see People v Gray*, 86 NY2d 10, 19 [1995]), and his CPL 330.30 motion is

insufficient to preserve his present contention for our review (*see People v Padro*, 75 NY2d 820, 821 [1990], *rearg denied* 75 NY2d 1005 [1990], *rearg dismissed* 81 NY2d 989 [1993]; *People v Mills*, 28 AD3d 1156 [2006]; *People v Bowen*, 17 AD3d 1054, 1055 [2005], *lv denied* 5 NY3d 759 [2005]). In any event, defendant's contention lacks merit because the precise date of the commission of the crimes is not an essential element thereof (*see generally People v Williams*, 24 AD3d 882, 883-884 [2005], *lv denied* 6 NY3d 854 [2006]; *People v Grimes*, 301 AD2d 953, 954-955 [2003], *lv denied* 99 NY2d 654 [2003]).

Contrary to defendant's further contention, County Court properly allowed the People to impeach the victim with her prior inconsistent statements inasmuch as her trial testimony was affirmatively damaging to the People's case (*see* CPL 60.35 [1]; *People v Fitzpatrick*, 40 NY2d 44, 51-52 [1976]; *People v Davis*, 112 AD2d 722, 723 [1985], *lv denied* 66 NY2d 918 [1985]). Defendant failed to preserve for our review his contention that the court erred in allowing the People to impeach the victim's brother with his supporting deposition and grand jury testimony (*see People v Jones*, 25 AD3d 724, 725 [2006], *lv denied* 7 NY3d 757 [2006]). In any event, we conclude that any error by the court in allowing that impeachment is harmless (*see People v Brown*, 23 AD3d 1090, 1092 [2005], *lv denied* 6 NY3d 810 [2006]; *People v Zenger*, 134 AD2d 640 [1987], *lv denied* 70 NY2d 1012 [1988]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Smith and Pine, JJ.