People v Baker (2019 NY Slip Op 07198)





People v Baker


2019 NY Slip Op 07198


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


950 KA 16-00348

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES E. BAKER, ALSO KNOWN AS CHAZ, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






WILLIAMS HEINL MOODY BUSCHMAN, P.C., AUBURN (MARIO J. GUTIERREZ OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CHARLES E. BAKER, DEFENDANT-APPELLANT PRO SE.
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Cayuga County Court (Thomas G. Leone, J.), rendered December 1, 2015. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, grand larceny in the fourth degree, attempted grand larceny in the third degree, criminal mischief in the third degree, petit larceny (three counts), conspiracy in the fifth degree, criminal possession of stolen property in the fifth degree and possession of burglar's tools. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from two judgments arising from his involvement in a series of burglaries. In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the third degree (Penal Law § 140.20), grand larceny in the fourth degree (§ 155.30 [1]), attempted grand larceny in the third degree (§§ 110.00, 155.35 [2]), and criminal mischief in the third degree (§ 145.05 [2]). In appeal No. 2, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the third degree (§§ 110.00, 265.02 [1]). We affirm in each appeal.
Addressing first appeal No. 1, to the extent that defendant contends in his pro se supplemental brief that the conviction is not supported by legally sufficient evidence, we reject that contention. The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we also reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant further contends in his main brief that County Court erred in allowing the People to impeach their own witness. Although we agree with defendant that the court erred (see CPL 60.35 [1]; People v Fitzpatrick, 40 NY2d 44, 51-52 [1976]; People v Sanders, 2 AD3d 1420, 1420 [4th Dept 2003]), we nonetheless conclude that the error is harmless (see People v Saez, 69 NY2d 802, 804 [1987]; People v Cartledge, 50 AD3d 1555, 1555-1556 [4th Dept 2008], lv denied 10 NY3d 957 [2008]). Defendant failed to preserve for our review his contention in his main brief that the verdict is repugnant (see People v Alfaro, 66 NY2d 985, 987 [1985]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). We have reviewed defendant's remaining contention in his pro se supplemental brief and conclude that it does not require reversal or modification of the judgment in appeal No. 1.
Defendant failed to preserve for our review his further contention in his main brief in appeal No. 1 that, in determining the sentence to be imposed, the court penalized him for exercising his right to trial (see People v Pope, 141 AD3d 1111, 1112 [4th Dept 2016], lv denied 29 NY3d 951 [2017]). In any event, that contention lacks merit (see id.). Finally, contrary to defendant's contention in his main brief in both appeals, the sentences are not unduly harsh or severe.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court