■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC LUCAS, Appellant. [598 NYS2d 43] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cirigliano, J.), rendered October 31, 1990, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that he is entitled to reversal as a result of impermissible inferential bolstering of the complainant's identification testimony by the detective who arranged the lineup at which he was identified is unpreserved for appellate review because the defendant failed to raise any objections at trial to the statements he now finds objectionable *(see,* CPL 470.05 [2]; *People v Moore,* 159 AD2d 521; *People v Jones,* 124 AD2d 596). In any event, reversal of the defendant's conviction in the interest of justice is unwarranted. Even giving the defendant the benefit of his arguments, there is not a substantial likelihood that but for the alleged bolstering he would have been acquitted. The complainant's identification of the defendant was strong and unhesitating *(see, People v Johnson,* 57 NY2d 969). The reasoning of the Court of Appeals in *People v Johnson (supra)* is equally applicable to this case: "Unquestionably [the] defendant had been identified; the erroneously admitted bolstering testimony went no further than to corroborate that uncontroverted fact" *(People v Johnson, supra,* 57 NY2d, at 971).

The defendant's remaining contentions, including those advanced in his *pro se* supplemental brief, are largely unpreserved for appellate review, and, in any event, are without merit. Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.