■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE VEGA, Appellant. [657 NYS2d 30] —Judgment, Supreme

Court, Bronx County (Joseph Mazur, J.), rendered November 10, 1994, convicting defendant, after a jury trial, of attempted murder in the first degree, reckless endangerment in the first degree and criminal possession of a weapon in the second, third and fourth degrees, and sentencing him to concurrent prison terms of 15 years to life, 1 to 3 years, 1 to 3 years, 1 year and 1 year, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's repeated attempts to pull the trigger while the gun was pointed at the officer's face during the struggle over the gun tended to effect the commission of murder and also constituted reckless endangerment in the first degree (*People v Chrysler*, 85 NY2d 413). The totality of defendant's conduct satisfied the elements of these crimes as defined in the court's charge, read as a whole.

While the court, as requested by defendant, should have repeated, in its main charge, its preliminary instruction to the jury that the indictment is not evidence, reversal is not required. Our examination of the charge as a whole reveals that the jury was instructed that their verdict must be based solely on the testimony and physical evidence presented at trial (*see, People v Hurk*, 165 AD2d 687, *lv denied* 76 NY2d 1021).

Defendant's challenges to the prosecutor's summation are unpreserved because defendant made only general objections during the summation or, when objections were sustained, did not promptly request curative instructions or a mistrial (*People v Medina*, 53 NY2d 951, 953; *People v Johnson*, 210 AD2d 174, *lv denied* 85 NY2d 939), and we decline to review in the interest of justice. Were we to review these claims, we would find that they would not warrant reversal. Concur—Murphy, P. J., Sullivan, Rosenberger, Rubin and Andrias, JJ.