■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE GREAVES, Appellant. [667 NYS2d 370] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered November 6, 1995, convicting defendant, after a jury trial, of robbery in the first degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the fourth degree, and sentencing him to concurrent prison terms of 3 to 9 years, 3 to 9 years, 2⅓ to 7 years, and 1 year, respectively, unanimously affirmed.

Defendant affirmatively waived his present claim with respect to his alibi witness's silence pursuant to the advice of defense counsel. After the court preliminarily indicated its inclination to rule in defendant's favor, defendant acquiesced in the court's determination to reserve decision until "the appropriate time" prior to cross-examination, failed to pursue his objection and, instead, decided, as a trial strategy, to introduce on his direct examination of the alibi witness the testimony he had sought to preclude. The record fails to support defendant's contention that he requested an immediate final ruling, but rather shows that he agreed to deferral of the issue (*see,* CPL 470.05 [2]; *People v Fleming*, 70 NY2d 947; *People v Cruz*, 172 AD2d 365, *lv denied* 78 NY2d 964; *see also, People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800). In any event, it would have been entirely appropriate for the court to have waited until "such questioning beg[an]" to have called a bench conference to ascertain whether the witness refrained from speaking under the advice of defense counsel (*People v Dawson*, 50 NY2d 311, 323).

While the court, as requested by defendant, should have repeated, in its main charge, its instruction that an indictment is not evidence, reversal is not warranted because this charge was given during jury selection, and the main charge, read as

a whole, conveyed the same principle (*People v Vega*, 238 AD2d 278, *lv denied* 90 NY2d 911).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Mazzarelli, JJ.