■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CRUZ, Appellant. [818 NYS2d 302]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 21, 2004, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dowling, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

At about 5:00 A.M. on October 5, 2003 two men robbed the complainant. The complainant gave the police a description of one of the robbers, and shortly thereafter the police stopped the defendant. The defendant was arrested after the complainant identified him following a showup procedure.

Showup procedures are permissible when, as here, they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon,* 77 NY2d 541, 544 [1991]; *People v Fox,* 11 AD3d 709, 709 [2004]; *People v Jackson,* 180 AD2d 756, 757 [1992]). Contrary to the defendant's contention, his showup identification was not unduly suggestive merely because the position of his baseball cap was changed (*see People v Brisco,* 99 NY2d 596, 597 [2003]; *People v Dennis,* 125 AD2d 325, 326 [1986]).

The defendant's contention that the complainant's identification testimony was improperly bolstered by the testimony of three police officers is unpreserved for appellate review (*see People v Griffin,* 246 AD2d 668, 668-669 [1998]). In any event, any inferential bolstering that might have occurred does not require reversal (*see People v Johnson,* 57 NY2d 969, 970 [1982]; *People v Mobley,* 56 NY2d 584, 585-586 [1982]; *People v Anderson,* 260 AD2d 387, 388 [1999]). The defendant was identified and arrested less than 30 minutes after the robbery and in close proximity to the crime. The defendant was wearing clothing that matched the description given by the complainant, and the complainant's two ATM cards were found in the defendant's vicinity.

The defendant's remaining contention is without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.