THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST SEALY, Appellant. [826 NYS2d 358]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Collini, J.), rendered December 8, 2004, convicting him of criminal possession of a weapon in the third degree and criminal sale of a firearm in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in denying his application for a missing witness charge. The defendant's application, however, was untimely, as it was made during the charge conference, well after both sides had rested (*see People v Ramos,* 19 AD3d 436 [2005]; *People v Wright,* 2 AD3d 546, 547 [2003]; *People v Woodford,* 200 AD2d 644 [1994]). In any event, the alleged missing witness was neither available to the People nor under their control, as he was apprehended by federal authorities with whom he cooperated after pleading guilty to a federal offense, and he was secured in federal custody and could not be summoned after rebuffs from federal prosecutors and the witness (*see People v Savinon,* 100 NY2d 192, 199-200 [2003]; *People v Bryant,* 11 AD3d 630, 631 [2004]; *People v Porter,* 268 AD2d 538 [2000]; *People v Bessard,* 148 AD2d 49, 53-54 [1989]; *cf. People v Vanhoesen,* 31 AD3d 805, 809 [2006]).

The defendant's contention that a detective's testimony improperly bolstered a prior identification of the defendant at a lineup is unpreserved for appellate review, since he failed to object to the allegedly improper testimony (*see* CPL 470.05 [2];

*People v Cruz,* 31 AD3d 660 [2006], *lv denied* 7 NY3d 847 [2006]; *People v Norris,* 5 AD3d 796 [2004]; *People v Griffin,* 246 AD2d 668, 668-669 [1998]). In any event, any inferential bolstering which may have occurred was harmless since the strong and positive identification testimony in this case precludes any significant probability that the jury would have acquitted the defendant had it not been for the error (*see People v Johnson,* 57 NY2d 969, 970 [1982]; *People v Crimmins,* 36 NY2d 230, 242 [1975]; *People v Taylor,* 29 AD3d 713 [2006], *lv denied* 7 NY3d 795 [2006]; *People v Anderson,* 260 AD2d 387, 388 [1999]). Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.