■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYATTE WILLIAMS, Appellant. [840 NYS2d 815]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered August 10, 2004, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court improperly permitted the prosecutor to bolster a witness's prior in-court identification of the defendant with the testimony of a police officer, on redirect examination, is without merit. Where the opposing party, inter alia, opens the door on cross-examination to matters not touched upon on direct examination, a party has the right on redirect examination to explain, clarify, and fully elicit a question only partially examined on cross-examination. Where only part of a statement has been brought out on cross-examination, the other parts may be introduced on redirect examination for the purpose of explaining or clarifying the statement (*see People v Melendez*, 55 NY2d 445, 451-452 [1982]). Thus, it was proper for the prosecutor to elicit from the police officer, on redirect examination, the portions of the eyewitness's statement that were not introduced on cross-examination.

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The sentence imposed was not excessive (*see People v Feliciano*, 302 AD2d 474 [2003]; *People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contentions are unpreserved for appellate review, and in any event, are without merit. Miller, J.P., Crane, Ritter and Lifson, JJ., concur.