THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON REYNOLDS, Appellant. [848 NYS2d 278]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered May 17, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contentions that he was deprived of his rights to a fair trial and to confront witnesses when the trial court permitted a police witness to testify to events leading up to his arrest (*see* CPL 470.05 [2]; *People v Sealy*, 35 AD3d 510, 510-511 [2006]; *People v Maldonado*, 21 AD3d 430 [2005]). In any event, the testimony that anonymous informants provided the police with sufficient information from which the police identified the defendant as a suspect was not improperly admitted for the truth of the matter asserted, but rather, was admitted to complete the narrative and explain how the police determined the defendant was a suspect and the actions they took to locate him (*see People v Monroe*, 216 AD2d 494 [1995]). Thus, the challenged testimony did not violate the defendant's right to confront witnesses (*see People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Ruis*, 11 AD3d 714, 714-715 [2004]). Further, the trial court did not err in permitting the police witness to testify to a prior photo

identification of the defendant (*see People v Melendez*, 55 NY2d 445, 451 [1982]; *People v Francis*, 123 AD2d 714 [1986]). To the extent that it was error to allow the police witness to testify that the defendant was identified in a lineup and thereafter arrested (*see People v Samuels*, 22 AD3d 507, 509 [2005]; *People v Fields*, 309 AD2d 945 [2003]), any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Sealy*, 35 AD3d at 511; *accord People v Holt*, 67 NY2d 819, 821 [1986]).

Viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (*see People v Benevento* 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Hyatt*, 2 AD3d 749 [2003]; *People v Bradford*, 202 AD2d 441 [1994]; *People v Finch*, 199 AD2d 278 [1993]). Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.