■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MOORE, Appellant. [854 NYS2d 498]—

The defendant shot and killed Kenyon Richardson on the basketball courts of the Ingersol Housing Projects in Brooklyn. At the time of the shooting there were numerous children in

the surrounding area and a young girl was next to Richardson on the ground. The Supreme Court submitted, inter alia, the charges of murder in the second degree and reckless endangerment in the first degree to the jury. The defendant was convicted of both counts.

With regard to the lineups conducted on September 15, 2004, upon our examination of the lineup photographs, we agree with the Supreme Court that the lineups were not unduly suggestive (*see People v Chipp,* 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

The defendant waived his challenge on appeal to the Supreme Court's jury charge. In its charge, the Supreme Court specified that Richardson was the victim of the crime underlying the count alleging murder in the second degree, but did not specify a particular victim for the count alleging reckless endangerment in the first degree. The People requested that the Supreme Court add to the jury charge an explanation that the contemplated victims of the reckless endangerment count were the children nearby, and not Richardson. Defense counsel, who initially opposed submission of the reckless endangerment count, objected to the addition of any further language with regard to that count. Accordingly, the defendant waived his present argument on appeal that he was denied a fair trial by the Supreme Court's failure to include the requested additional language in the jury charge (*see People v White,* 53 NY2d 721, 723 [1981]; *People v Lewis,* 13 AD3d 208, 213-214 [2004], *affd* 5 NY3d 546 [2005]; *People v Maldonado,* 11 AD3d 114, 116-117 [2004]). In any event, the jurors, hearing the charge as a whole, would gather from its language the correct rules to be applied (*see People v Russell,* 266 NY 147, 153 [1934]; *People v Broxton,* 34 AD3d 490, 490-491 [2006]; *People v Vega,* 238 AD2d 278, 279 [1997]; *People v Rodriguez,* 197 AD2d 355 [1993]).

The defendant's contention that a detective's testimony improperly bolstered the identification testimony of two witnesses is unpreserved for appellate review, since he failed to object to the allegedly improper testimony (*see* CPL 470.05 [2]; *People v Sealy,* 35 AD3d 510 [2006]; *People v Cruz,* 31 AD3d 660 [2006]). In any event, any inferential bolstering which may have occurred was harmless since the strong and positive identification testimony in this case precludes any significant probability that the jury would have acquitted the defendant had it not been for the alleged error (*see People v Johnson,* 57 NY2d 969, 970 [1982]; *People v Sealy,* 35 AD3d at 511; *People v Anderson,* 260 AD2d 387, 388 [1999]; *People v Stanley,* 185 AD2d 827, 828-829 [1992]).

The defendant's contention that the detective's testimony violated his right to confront witnesses is unpreserved for appellate review, and in any event, is without merit (*see People v Reynolds,* 46 AD3d 845 [2007]). Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.