■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MELENDEZ, Appellant. [861 NYS2d 64]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered January 5, 2006, as amended April 7, 2006, convicting him of murder in the second degree (two counts) and arson in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment, as amended, is affirmed.

A fire in a three-story building claimed the lives of two residents of a top-floor apartment, and caused serious injury to a third. The fire was determined to have been nonaccidental. Two witnesses saw a man entering and leaving the building shortly before the fire started. Both of the witnesses identified the defendant in court as that man. On cross-examination, defense counsel confronted one of those witnesses with his earlier testimony before the grand jury, that he had not seen the face of the man exiting the building and had not recognized him. On redirect examination, the prosecutor was permitted, over defense objection, to read the rest of this witness' grand jury testimony, in which he stated that he had seen the face of this man and recognized him as the defendant. The trial court properly allowed the prosecutor to elicit the witness' prior consistent statement on redirect examination for the purpose of

explaining and clarifying his testimony (*see People v Williams,* 43 AD3d 414 [2007]).

The defendant's contention that a detective's testimony improperly bolstered a prior identification of the defendant at a lineup is unpreserved for appellate review, since he failed to object to the allegedly improper testimony (*see* CPL 470.05 [2]; *People v Sealy,* 35 AD3d 510, 510-511 [2006]; *People v Anderson,* 260 AD2d 387, 388 [1999]; *People v Lucas,* 193 AD2d 700 [1993]). In any event, under the circumstances, any inferential bolstering which may have occurred was harmless (*see People v Mobley,* 56 NY2d 584, 585 [1982]; *People v Sealy,* 35 AD3d at 511; *People v Anderson,* 260 AD2d at 388; *People v Lucas,* 193 AD2d at 700).

The jury charge, as a whole, correctly explained the concept of reasonable doubt to the jury (*see People v Jones,* 27 NY2d 222, 226-227 [1970]; *People v Sanchez,* 29 AD3d 608 [2006]). Santucci, J.P., Covello, Belen and Chambers, JJ., concur.