■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CAPEHART, Appellant. [874 NYS2d 545]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered November 16, 2006, convicting him of robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that a detective's testimony implicitly bolstered the complainant's prior identification of the defendant in a lineup is unpreserved for appellate review, as the defendant failed to object at trial to the testimony that he now claims was improper (*see* CPL 470.05 [2]; *People v Moore*, 49 AD3d 901 [2008]; *People v Sealy*, 35 AD3d 510 [2006]). In any event, any implicit bolstering that occurred was harmless. Evidence of the defendant's guilt, without reference to the error, was overwhelming, and the strong and positive identification testimony in this case precludes any significant probability that, but for the error, the jury would have acquitted the defendant (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Moore*, 49 AD3d at 902; *People v Sealy*, 35 AD3d at 511; *People v Cruz*, 31 AD3d 660, 661 [2006]).

The defendant's remaining contention is without merit. Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.