■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HOLDEN, Appellant. [917 NYS2d 900]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the prosecutor's redirect examination of the detective who witnessed the defendant drop the firearm did not impermissibly bolster the detective's testimony by introducing a prior consistent statement from the detective's testimony at the defendant's prior trial. The trial court properly allowed the prosecutor to introduce a part of the detective's prior testimony on redirect examination for the purpose of explaining and clarifying a part of the detective's prior testimony that was introduced on cross-examination (*see People v Ochoa*, 14 NY3d 180, 186-187 [2010]; *People v Torre*, 42 NY2d 1036, 1037 [1977]; *People v Melendez*, 51 AD3d 1040 [2008]; *People v Williams*, 43 AD3d 414 [2007]; *People v Johnson*, 296 AD2d 422 [2002]). Skelos, J.P., Eng, Belen and Lott, JJ., concur.