■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS WARD, Appellant. [964 NYS2d 642]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered July 29, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, evidence that he pleaded guilty in a Nassau County matter was properly admitted after he opened the door to such evidence by testifying that

his statement in that matter was the result of coercion (*see People v Ochoa*, 14 NY3d 180, 186 [2010]; *People v Mateo*, 2 NY3d 383, 425 [2004], *cert denied* 542 US 946 [2004]; *People v Fardan*, 82 NY2d 638, 646 [1993]). Admission of the fact that he pleaded guilty in that matter was not unduly prejudicial, since no reference was made to the nature of the charge, the underlying facts, or the content of his statement, and the jury was already aware of his felony conviction. Moreover, the Supreme Court repeatedly issued appropriate limiting instructions in relation to testimony involving the Nassau County matter, which the jury is presumed to have followed (*see People v Baker*, 14 NY3d 266, 274 [2010]; *People v Fardan*, 82 NY2d at 646-647).

The defendant's contention that he was deprived of a fair trial because of improper comments made by the prosecutor on summation is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, although some of the prosecutor's statements were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Philbert*, 60 AD3d 698 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]). Thus, a new trial is not warranted.

Contrary to the defendant's contention, his right to effective assistance of counsel was satisfied by the meaningful representation afforded by trial counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, without merit (*see* CPL 470.05 [2]; *People v Ochoa*, 14 NY3d at 186; *People v Medina*, 18 NY3d 98, 104 [2011]; *People v Jamison*, 47 NY2d 882, 883 [1979]; *People v Williams*, 43 AD3d 414 [2007]). Mastro, J.P., Leventhal, Sgroi and Cohen, JJ., concur.