[9 NE3d 366, 986 NYS2d 16]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ZEH, Appellant.

Argued February 11, 2014; decided March 27, 2014

**APPEARANCES OF COUNSEL**

*Norman P. Effman*, Warsaw, for appellant.

*Jacqueline L. Spratt, New York Prosecutors Training Institute, Inc.*, Albany, and *William V. Grady, District Attorney*, Poughkeepsie, for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed and the case remitted to County Court for further proceedings in accordance with this memorandum.

Defendant Vincent Zeh was questioned by the police at his home and a State Police barracks after his wife was murdered. Search warrants were executed and various items were seized from defendant's house and automobile. He was eventually charged with killing his wife.

Defendant was represented initially by a retained lawyer but was later assigned a public defender. Subsequently, defendant hired Michael Sussman to serve as his trial counsel. None of the attorneys sought to suppress defendant's statements to the police or the evidence derived from the searches. Defendant was convicted of intentional murder in the second degree. Although the Appellate Division affirmed, it believed that collateral review under Criminal Procedure Law article 440 would be prudent because of questions raised regarding the adequacy of the defense (289 AD2d 692, 693 [3d Dept 2001]).

As a result of the court's suggestion, defendant commenced this article 440 proceeding seeking an evidentiary hearing to prove that he had been deprived of meaningful legal assistance. The People obtained an affirmation from trial counsel Sussman, who explained that certain alleged deficiencies in his performance were actually part of his trial strategy. Sussman specifically indicated that he consulted with defendant and they jointly decided not to pursue a suppression motion.

County Court denied the 440 motion without an evidentiary hearing. The Appellate Division affirmed (101 AD3d 1353 [3d Dept 2012]). A Judge of this Court granted defendant leave to appeal (21 NY3d 948 [2013]) and we now reverse.

The courts below should have granted defendant an evidentiary hearing based on the facts set forth in the record on direct appeal—including those issues aptly identified in the Appellate Division's first decision—and the CPL article 440 motion.* In

---

* Had the motion papers merely consisted of conclusory allegations of ineffective legal assistance combined with a summary of the existing record and the Appellate Division's original decision, defendant would not be entitled to a hearing because his claim would be premised entirely on the record on direct appeal, which the Appellate Division fully considered and found inadequate to grant relief (see CPL 440.10 [2] [a], [b]; see also CPL 440.30 [4] [d]; People v Satterfield, 66 NY2d 796, 799 [1985]).

response to defendant's post-conviction claims, Sussman asserted that he declined to request suppression of defendant's statements to the police primarily because he thought defendant would have to testify at the pretrial hearing. Sussman's affirmation did not, however, address why suppression could not have been sought on the basis of: the 26-hour interrogation at a State Police barracks, which occurred in a room that may have been locked at times; the possible use of handcuffs, shackles and a "jail suit" during such questioning; and a purported refusal by the police to contact the lawyer who was representing defendant in a pending criminal case because defendant's request for legal assistance was deemed "too late." Nor did Sussman provide an explanation for failing to challenge the various search warrants that were issued or the evidence that was obtained by the police. Sussman also did not attempt to justify several potential trial errors that were noted by the Appellate Division (including the possibility of inadequate discovery requests and the failure to object to prosecutorial conduct that County Court felt compelled to address sua sponte as "grossly improper"). In these particular circumstances, we conclude that there were sufficient questions of fact as to whether Sussman had an adequate explanation for his alleged deficiencies. Defendant is therefore entitled to an opportunity to establish that he was deprived of meaningful legal representation (see generally People v Brown, 17 NY3d 742, 744 [2011]; People v Baker, 14 NY3d 266, 270-271 [2010]; People v Turner, 5 NY3d 476, 480 [2005]).

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur.

Order reversed and case remitted to County Court, Ulster County, for further proceedings in accordance with the memorandum herein.