Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered March 14, 2012, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), assault in the second degree (two counts), grand larceny in the fourth degree, and assault in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prose *756 cution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the finder of fact to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to the defendant’s contention, he was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel’s performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708 [1998]; People v Baldi, 54 NY2d 137 [1981]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668 [1984]).
The defendant’s contention that the testimony of certain prosecution witnesses improperly bolstered the complainant’s identification testimony is partially unpreserved for appellate review (see CPL 470.05 [2]; People v Sealy, 35 AD3d 510, 510-511 [2006]). In any event, any error in admitting this testimony was harmless, since the other evidence of the defendant’s guilt, including the “clear and strong” identification testimony of the complaint, with whom the defendant had previously resided, was overwhelming, and there was no significant probability that, but for the error, the jury would have acquitted the defendant (People v Mobley, 56 NY2d 584, 585 [1982] [internal quotation marks omitted]; see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Capehart, 60 AD3d 689, 690 [2009]; People v Sealy, 35 AD3d at 511).
Dickerson, J.P, Hall, Roman and Cohen, JJ., concur.