■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ROSS, Appellant. [990 NYS2d 265]—

Appeals by the defendant, by permission, (1), as limited by his brief, from so much of an order of the County Court, Westchester County (Colangelo, J.), dated April 12, 2011, as, upon directing a hearing on that branch of his motion pursuant to CPL 440.10 which was to vacate a judgment of the same court (R. Bellantoni, J.) rendered June 18, 2007, convicting him of course of sexual conduct against a child in the first degree, incest, assault in the third degree, and endangering the welfare of a child, upon a jury verdict, on the grounds that he was deprived of the effective assistance of counsel as a result of his attorney's alleged failure to consult with or present the testimony of expert witnesses, in effect, otherwise denied the motion without a hearing, and (2) from an order of the same court (Colangelo, J.) dated November 30, 2011, which, after a hearing, denied that branch of his motion which was to vacate the judgment on the ground that he was deprived of the effective assistance of counsel as a result of his attorney's alleged failure to consult with or present the testimony of expert witnesses at trial.

Ordered that the order dated April 12, 2011, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated November 30, 2011, is affirmed.

The defendant was convicted of certain crimes in connection with, inter alia, the sexual abuse of his five-year-old daughter. He moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground, among others, that his trial counsel provided ineffective assistance by failing to consult with or present the testimony of medical and psychological experts to contradict the testimony of the People's experts at trial and to dispute the testimony of the child complainant. By order dated April 12, 2011, the County Court directed a hearing on that branch of the motion which was based on trial counsel's preparation for trial with respect to expert witnesses and, in effect, otherwise denied the motion without a hearing.

At the hearing, trial counsel testified that he requested and received public funding in the amount of $1,000 to retain

experts and a private investigator. However, this sum proved insufficient to obtain the opinions or the appearances of experts. Trial counsel then requested that he be relieved and that assigned counsel be appointed to represent the defendant. The defendant objected, assuring trial counsel that the necessary funds would be available; however, the defendant failed to provide the additional funds. Consequently, trial counsel pursued a strategy that focused on denial of the accusations and impeachment of witnesses. To this end, trial counsel conducted an effective cross-examination of the complainant, as well as of the prosecutor's medical and psychological experts. He was successful in getting the complainant to recant critical aspects of her testimony regarding genital contact between herself and the defendant, a necessary element of the charges of course of sexual conduct against a child in the first degree and incest. He also elicited from the medical expert that she could not determine whether an alleged asymmetry in the border of the complainant's hymen was caused by penile penetration or was the result of one or more acts of penetration, which was a necessary element of the charge of course of sexual conduct against a child in the first degree. Trial counsel also elicited from the psychological expert that she mostly testified on behalf of the prosecution, that child allegations of sexual abuse are unreliable when made in response to suggestive questioning, and that this most often occurs, as here, against the background of a dispute over custody and visitation. By order dated November 30, 2011, the County Court denied that branch of the defendant's CPL 440.10 motion which was based on trial counsel's preparation for trial with respect to expert witnesses.

Based on the totality of the circumstances, the County Court properly found that there were legitimate reasons that trial counsel did not present expert testimony and, instead, challenged the People's evidence through cross-examination (*cf. Hinton v Alabama*, 571 US —, —, 134 S Ct 1081, 1089 [2014]; *Harrington v Richter*, 562 US 86, —, 131 S Ct 770, 789 [2011]; *People v Okongwu*, 71 AD3d 1393, 1395-1396 [2010]).

Further, contrary to the defendant's remaining contentions, viewing trial counsel's performance in totality, he provided meaningful representation (*see People v Benn*, 68 NY2d 941, 942 [1986]; *People v Aiken*, 45 NY2d 394, 400 [1978]; *People v Myers*, 117 AD3d 755 [2014]). Skelos, J.P., Chambers, Lott and Duffy, JJ., concur.