[43 NE3d 369, 22 NYS3d 159]

The People of the State of New York, Respondent, v Alma Caldavado, Also Known as Alma Calderaro, Appellant.

Argued October 15, 2015; decided November 23, 2015

## APPEARANCES OF COUNSEL

*Mark M. Baker*, New York City, for appellant.

*Richard A. Brown, District Attorney*, Kew Gardens (*John M. Castellano, Robert J. Masters, Nicoletta J. Caferri* and *William H. Branigan* of counsel), for respondent.

*Fried, Frank, Harris, Shriver & Jacobson LLP*, New York City (*David B. Hennes, Nathan M. Erickson* and *Michael P. Sternheim* of counsel), *Seth Miller, Innocence Network*, Tallahassee, Florida (*Katherine Judson* of counsel), and *Dana M. Delger* and *M. Chris Fabricant*, New York City, for Innocence Network, amicus curiae.

*Thomas R. Villecco*, Jericho, *Mark Fernich, New York State Association of Criminal Defense Lawyers*, New York City, and *Richard Willstatter, National Association of Criminal Defense Lawyers*, White Plains, for National Association of Criminal Defense Lawyers and another, amici curiae.

*Gerald F. Mollen, Benjamin E. Rosenberg* and *Jamie Masten* for District Attorneys Association of the State of New York, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, and the case remitted to Supreme Court for further proceedings in accordance with this memorandum.

In 2006, defendant was charged with assault in the first degree (Penal Law § 120.10 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]), in connection with injuries sustained by a seven-month-old infant in her care. At defendant's trial in 2009, the People's theory was that the infant suffered from shaken baby syndrome (SBS) after defendant violently shook her. The People called 13 medical professionals in support of their case, nine of whom testified as expert witnesses. Defense counsel, relying on a 1½-page opinion by a physician, challenged the People's witnesses through cross-

examination by suggesting that the victim's injuries were caused by a "re-bleed" of an earlier trauma. Defense counsel did not, however, present any expert testimony at trial to contradict the SBS diagnosis proffered by the People's witnesses. Following deliberations, defendant was found guilty of both charges. Upon her subsequent appeal, the Appellate Division affirmed (78 AD3d 962, 963 [2d Dept 2010], *lv denied* 16 NY3d 829 [2011]).

In 2012, defendant moved, pursuant to CPL 440.10 (1) (g) and (h), for an order vacating her conviction on the grounds of newly discovered evidence, ineffective assistance of counsel, and actual innocence. Supreme Court denied defendant's motion without an evidentiary hearing, and the Appellate Division affirmed (116 AD3d 877, 877 [2d Dept 2014]). A Judge of this Court granted defendant leave to appeal (23 NY3d 1060 [2014]), and we now reverse.

On this record, defendant established that "there were sufficient questions of fact as to whether [counsel] had an adequate explanation" for his failure to pursue certain lines of defense on cross-examination or for his failure to call an expert on defendant's behalf, and defendant "is therefore entitled to an opportunity to establish that [s]he was deprived of meaningful legal representation" (*People v Zeh*, 22 NY3d 1144, 1146 [2014]). In this regard, we note that defendant's CPL 440.10 proffer included statements from two experts, who described additional lines of inquiry that would likely have been advantageous to the defense but were not pursued at trial. In addition, defendant submitted an affidavit from her sister, wherein she indicated that counsel asserted that he would not call an expert at trial because it would be "pointless" to do so in light of the number of experts being called by the People. We are mindful that it is exceedingly rare that a defense attorney's strategic decision not to present expert testimony amounts to ineffective assistance of counsel (*see Harrington v Richter*, 562 US 86, 106 [2011]; *People v Ross*, 119 AD3d 964, 965 [2d Dept 2014]; *cf. Hinton v Alabama*, 571 US —, —, 134 S Ct 1081, 1089 [2014]). However, in a case such as this, where casting doubt on the prosecution's medical proof is the crux of the defense, a decision that it would be futile to call an expert based *solely* on the volume of expert testimony presented by the People is not a legitimate or reasonable tactical choice.

Accordingly, although a hearing is not invariably required on a CPL 440.10 motion, under the circumstances presented here,

defendant's proof raised a question—in the absence of any submissions from defense counsel—as to whether counsel's alleged deficiencies were merely the result of a reasonable, but unsuccessful, trial strategy (*see generally Strickland v Washington*, 466 US 668, 690 [1984]; *People v Baldi*, 54 NY2d 137, 147 [1981]), or whether counsel failed to "pursue the minimal investigation required under the circumstances" (*People v Oliveras*, 21 NY3d 339, 348 [2013]). Thus, a hearing is necessary to resolve defendant's claim of ineffective assistance of counsel (*see Zeh*, 22 NY3d at 1146; *People v Jenkins*, 68 NY2d 896, 898 [1986]).

The other grounds cited in connection with defendant's CPL 440.10 motion do not warrant further inquiry upon remittal. Defendant's proffered submissions did not constitute "newly discovered evidence" within the meaning of CPL 440.10 (1) (g). Furthermore, to the extent defendant's motion was based on a purported "freestanding actual innocence claim" beyond that provided by CPL 440.10—such as that recognized by the Second Department in *People v Hamilton* (115 AD3d 12 [2d Dept 2014])—we need not pass on the viability of such a claim here; even assuming it is cognizable, defendant failed to demonstrate factual innocence regardless of the applicable standard of proof.

Chief Judge LIPPMAN and Judges PIGOTT, RIVERA, ABDUS-SALAAM, STEIN and FAHEY concur.

Order reversed and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the memorandum herein.