Pigott, J.
(dissenting in part). Defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on two grounds. First, he claimed he was denied the effective assistance of counsel, because, among other things, his attorney did not object to the trial court’s use of an incorrect standard in deciding whether to allow in evidence the weapon possession arrest of defendant’s neighbor.
Second, defendant claimed that the People failed to turn over certain Brady material that pertained to the neighbor’s arrest. While I agree with the majority that the courts below erred in denying defendant’s motion on the papers without a hearing, I disagree that defendant is entitled to a new trial. Rather, questions of fact remain on the issues and, thus, I would remit to Supreme Court for a hearing (see generally People v Caldavado, 26 NY3d 1034 [2015]).
In support of his ineffective assistance of counsel claim, defendant provided an affidavit from his trial counsel stating that he had done no research on third-party culpability, was unaware of the correct legal standard and had no excuse or *271 strategic explanation for his failure to object. While this affidavit supports defendant’s position, it is not necessarily determinative of the issue since its claims have not been subject to further inquiry or cross-examination. Therefore, the hearing court should determine, considering all of the circumstances surrounding this case, whether counsel’s failure was so prejudicial to defendant’s case as to deprive him of meaningful representation.
The second basis for defendant’s motion pertains to the alleged failure by the People to turn over Brady material. Notably, the courts below concluded that the material at issue was, in fact, turned over to defense counsel. While, as the majority recognizes, we are not bound by that determination, it raises another question of fact that should be resolved in a hearing. Assuming that issue is resolved in defendant’s favor, the issue then of whether there is a reasonable possibility that the verdict would have been different if the Brady information was turned over, would be another inquiry for the hearing court (see People v Vilardi, 76 NY2d 67, 73 [1990]). For these reasons, I dissent.
Judges Rivera, Stein and Fahey concur; Judge Pigott dissents in part in an opinion in which Judge Abdus-Salaam concurs.
Order reversed and defendant’s motion pursuant to CPL 440.10 granted, defendant’s judgment of conviction and sentence vacated and a new trial ordered.