OPINION OF THE COURT
April A. Newbauer, J.
*985 Defendant Claudio Toribio has moved for a second time for an order pursuant to Criminal Procedure Law § 440.10 to vacate his conviction of criminal sale of a controlled substance in the fourth degree in violation of Penal Law § 220.09 upon his plea of guilty. This motion is predicated on ineffective assistance of counsel. The defendant’s principal claim is that his trial attorney misinformed him of the possible immigration consequences of his plea. The defendant also asserts an actual innocence claim based in part on an affidavit of his former co-defendant, his brother.
After consideration of the relevant statutes and case law, the defendant’s motion is granted to the extent that a hearing will be held to consider the issue of the nature of the immigration advice, if any, given to the defendant prior to his entry of a guilty plea.
On January 5, 2007, the defendant was indicted for criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and related charges. On August 17, 2007, the defendant was convicted upon a plea of guilty to criminal possession of a controlled substance in the fourth degree with the promise of a six-month sentence split with a term of five years’ probation and dismissal of the charges against his codefendant and brother, Ariel Toribio.[1] On September 21, 2007, the defendant was sentenced to five years’ probation. After the defendant was sentenced, the People dismissed all charges in the indictment against his codefendant, Ariel Toribio. The defendant did not file a notice of appeal.
On February 10, 2014, US Immigration and Customs Enforcement (ICE) sent correspondence to the Bronx County Supreme Court requesting a certified copy of the complaint under indictment No. 4620-2006 and the judgment and conviction. Upon reviewing the file, it appears the information was conveyed on February 18, 2014. Thereafter, on April 1, 2014, the defendant filed his first CPL 440.10 motion through his new attorney, alleging that his prior attorney was ineffective for misadvising him that his guilty plea would not affect his immigration status and that his plea was involuntary because he did not speak or understand English. In a decision and order dated December 19, 2014, the court (Marvin, J.) denied de *986 fendant’s motion without a hearing, finding “ [defendant's bare, self-serving allegations are simply insufficient to warrant a hearing.” Defendant failed to provide sworn allegations or evidence to substantiate his contention that his plea attorney misadvised him regarding the immigration consequences of his guilty plea. He also failed to explain why he did not provide an affidavit from his attorney.[2]
On September 28, 2016, the defendant filed this second CPL 440 motion, claiming again that he did not understand the proceedings because of lack of translation, that his trial counsel was ineffective for misadvising him of the immigration consequences of his plea, and for the first time that he is actually innocent. Defendant moves to vacate his judgment of conviction and to set aside his sentence pursuant to CPL 440.10 on the grounds that the judgment was obtained in violation of defendant’s Sixth and Fourteenth Amendment rights under the Federal and New York State Constitutions. The defendant alleges that had he known the immigration consequences he faced, he would not have accepted the plea offer and would have insisted on going to trial. This time the defendant provides a detailed affidavit in which he alleges that he was advised that the plea to criminal sale of a controlled substance in the fourth degree would not affect his immigration status as a lawful permanent resident, nor would it create a barrier to his becoming a United States citizen. The People oppose defendant’s motion, contending that the claims have been previously determined on the merits as there has not been a retroactive change in the law governing the issue of ineffective assistance. (See CPL 440.10 [3] [b].)
The defendant’s claim that he misunderstood the terms of the plea or court proceedings because of lack of an interpreter is rejected for the reasons stated by the court in the prior motion. Further motion practice on this ground is unwarranted. (See CPL 440.10 [3] [b].)
*987 However, the defendant’s claim of ineffective assistance of counsel cannot be decided without a hearing. Even prior to the Supreme Court’s ruling in Padilla v Kentucky (559 US 356 [2010]), misinforming a lawful resident alien that a guilty plea to a narcotics felony would not subject him to deportation could amount to ineffective assistance of counsel if the defendant also established a prima facie showing of prejudice. (See People v McDonald, 1 NY3d 109 [2003].) The defendant alleges that his attorney misled him on two grounds: (1) that he did not face deportation as a result of his plea; and (2) that he would not face barriers in becoming a United States citizen.
Conclusory allegations of ineffective legal assistance combined with the existing record may suffice to deny a defendant a hearing. (See People v Zeh, 22 NY3d 1144 [2014], citing People v Satterfield, 66 NY2d 796 [1985].) Where the People submit detailed proof that refutes the defendant’s statements conclusively, a court may reasonably deny the defendant’s motion without a hearing. (See CPL 440.30 [4] [d]; People v Samandarov, 13 NY3d 433 [2009].) CPL 440.30 (4) (d) (i) and (ii) provide that in considering the merits of a motion to vacate a conviction, the court may deny it without a hearing if the allegations supporting the motion are made solely by the defendant and are unsupported by any other affidavit or evidence, and under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true. The failure to present a supporting affidavit from the prior counsel or an explanation for the failure to do so has been repeatedly upheld as justifying the summary denial of a defendant’s post conviction motion. (See e.g. People v Wright, 27 NY3d 516 [2016]; People v Morales, 58 NY2d 1008 [1983].) But where the defendant provides a viable explanation for the failure to include his attorney’s affidavit, it is an abuse of discretion for the motion court to summarily deny the defendant a hearing. (See People v Gil, 285 AD2d 7 [1st Dept 2001].)
The defendant alleges that he has made several attempts to enlist his former attorney’s assistance without success. He states, “[my attorney] stated to me that he has no recollection of the facts of this case and would not provide me with an affidavit.”[3] In contemplating this sworn statement, the court must weigh the value of the efficient resolution of CPL 440 motions against the greater goal of full due process. Certainly many *988 440 motions are crafted to track the language of previous cases and rulings without the necessary support to shoulder the defendant’s prima facie burden. The danger in overlooking ineffective assistance of counsel predicated on incomplete, careless or indifferent lawyering in the immigration context, however, is that it may result in devastating unforeseen circumstances to the defendant and his family. (“We . . . have previously recognized that preserving the client’s right to remain in the United States may be more important to the client than any potential jail sentence” [Padilla v Kentucky, 559 US 356, 368 (2010), citing INS v St. Cyr, 533 US 289 (2001)].)
The People’s view that the defendant’s affidavit “simply rings false” has no basis in the record and thus cannot be credited. Nothing in the plea minutes casts doubt on the defendant’s statements. The plea record is completely silent on immigration issues. The People also suggest that the defendant’s prior attorney would have known better than to misguide the defendant in immigration matters. They cite to an affidavit from another case[4] in which the same attorney avers that he was very aware of deportation law and would have had an open discussion with his client about immigration consequences. Here the defendant faces potentially adverse immigration consequences of a criminal plea coupled with the inability to attain United States citizenship. General statements made by prior counsel in another case do not suffice as a counterweight to the specific claims in the defendant’s affidavit.[5] Given the defendant’s representations of his off-the-record conversations with counsel, it would be improper not to err on the side of affording the defendant full due process rights. The affidavit, though mainly unsupported, is nonetheless uncontradicted and a hearing is necessary to assess the defendant’s credibility.
In view of the parties’ conflicting allegations relating to defendant’s second CPL 440 motion, an evidentiary hearing will be held for the limited purpose of assessing the defendant’s *989 claim of ineffective assistance of counsel considering the plea’s effect upon his immigration status. (CPL 440.30 [6].) The defendant’s prior attorney may be subpoenaed by either party to clarify the existing record. Defendant’s claims based on actual innocence will be held in abeyance until the evidentiary hearing is completed.
The hearing will be conducted on March 31, 2017 at 9:30 a.m. to consider the issue of the nature of the immigration advice, if any, given to the defendant prior to his entry of a guilty plea.

. The defendant was born in the Dominican Republic and was a legal permanent resident of the United States at the time of the plea. The file indicates that the codefendant Ariel Toribio was not a resident of the United States but visiting his brother on a visa at the time of this incident.

. In. the same decision, Justice Marvin also denied defendant’s second claim that his guilty plea was not entered voluntarily because the court failed to provide an interpreter, finding it was record-based and as the defendant could have raised the claim on direct appeal, defendant’s failure to do so precluded him from raising it before the trial court. Justice Marvin concluded that even were he to consider the merits, defendant’s claim that his guilty plea was not entered voluntarily because an interpreter was not provided to him was belied by the record. The plea minutes indicated that a Spanish interpreter was present during the allocution, and the defendant’s answers showed he understood the questions the court posed.

. See aff of Claudio Toribio sworn to on Sept. 20, 2016, para 13.

. People v Bautista, 33 Misc 3d 1209(A), 2011 NY Slip Op 51825(U) (Sup Ct, Bronx County 2011).

. Not every counsel competent to recognize the potential for deportation in some circumstances is fully versed in the range of immigration outcomes in others. Of relevance here, the defendant is a legal permanent resident not subject to automatic deportation, but by virtue of his plea, his continued residency and status is dependent on ICE’s discretion both in seeking his deportation and potentially cancelling his removal. The risks and likelihood of ICE’s actions involve many factors and may vary over time. (See 8 USC § 1229b.)