People v Kellam (2025 NY Slip Op 02457)

People v Kellam

2025 NY Slip Op 02457

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, GREENWOOD, NOWAK, AND KEANE, JJ.

184 KA 23-00875

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LYNNQUAN KELLAM, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
LYNNQUAN KELLAM, DEFENDANT-APPELLANT PRO SE.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Theodore H. Limpert, J.), dated March 27, 2023. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals, by permission of this Court, from an order that denied without a hearing his CPL 440.10 motion to vacate the judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [3]), three counts of attempted robbery in the first degree (§§ 110.00, 160.15 [1]), and two counts of criminal possession of a weapon in the second degree (§ 265.03 [3]).
We agree with defendant's contention in his main and pro se supplemental briefs that the motion, insofar as it raised allegations of ineffective assistance of counsel, was not procedurally barred and should not have been summarily denied on that ground (see CPL 440.10 [2] [b], [c]). Where, as here, "an ineffective assistance of counsel claim involves . . . 'mixed claims' relating to both record-based and nonrecord-based issues . . . [, such] claim may be brought in a collateral proceeding, whether or not the [defendant] could have raised the claim on direct appeal" (People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US 912 [2011]; see People v Streeter, 194 AD3d 1407, 1408 [4th Dept 2021], lv denied 37 NY3d 974 [2021], reconsideration denied 37 NY3d 1029 [2021]; People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]). "In such situations, i.e., where the 'claim of ineffective assistance of counsel cannot be resolved without reference to matter outside of the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety' " (Wilson, 162 AD3d at 1592). "That is because each alleged shortcoming or failure by defense counsel should not be viewed as a separate ground or issue raised upon the motion . . . [R]ather, the claim of ineffective assistance of counsel . . . constitutes a single, unified claim that must be assessed in totality" (id. [internal quotation marks omitted]; see Streeter, 194 AD3d at 1408).
We further conclude that County Court should not have denied the motion without a hearing on defendant's claim of ineffective assistance of counsel. In support of that claim, defendant established that there were sufficient questions of fact whether defense counsel had an adequate explanation for, inter alia, failing to call certain witnesses on his behalf—including an eyewitness—who testified at defendant's first trial, which ended in a hung jury. Defendant is [*2]thus "entitled to an opportunity to establish that [he] was deprived of meaningful legal representation" (People v Caldavado, 26 NY3d 1034, 1036 [2015] [internal quotation marks omitted]; see Wilson, 162 AD3d at 1592-1593; cf. Streeter, 194 AD3d at 1408-1409), and we therefore reverse the order and remit the matter to County Court for a hearing pursuant to CPL 440.30 (5) on defendant's claim of ineffective assistance of counsel.
We have reviewed the remaining contentions in defendant's main and pro se supplemental briefs and conclude that they are without merit.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court